IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ASTREBERTA MACEDO-FLORES §
(BOP Register No. 46670-177), §
§
Movant, §
§
V. § No. 3:16-cv-1473-O
 § (No. 3:13-cr-281-O (04))
UNITED STATES OF AMERICA, §
§
Respondent. §

**OPINION AND ORDER**

Movant Austreberta Macedo-Flores, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. *See* Dkt. No. 1. The government has filed a court-ordered response. *See* Dkt. No. 4. Macedo has failed to file a reply brief, and the time by which to do so has expired. The Court now concludes that her claims for relief should be denied.

**Applicable Background**

Following a trial by jury, Macedo was found guilty of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and two counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). She moved the Court to set aside the jury verdict and grant her a new trial. That motion was denied. And she received a below-guidelines sentence of 144 months of imprisonment.

She appealed. The United States Court of Appeals for the Fifth Circuit affirmed

this Court's judgment. *See United States v. Macedo-Flores*, 599 F. App'x 215 (5th Cir. 2015) (per curiam). Macedo did not petition the Supreme Court of the United States for certiorari review. But the Section 2255 motion she has filed in this Court is timely.

Through that motion, Macedo asserts that the Court should have applied a downward adjustment based on her role in the offense and claims that she received constitutionally-ineffective assistance at trial and at sentencing.

## Legal Standards and Analysis

Downward-Adjustment Claim

Macedo's downward-adjustment claim, based on her allegedly "very minimal role in the overall conspiracy," Dkt. No. 1 at 7, was raised and rejected on direct appeal:

> Macedo next argues that the district court clearly erred in denying a four-level reduction for her minimal role in the offense, [s]he asserts that her son directed her to deliver the package to the undercover agent; she was unaware that it contained drugs; she was linked to only one sale; and she was not recorded on any wiretaps. Under U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by four levels if the defendant was a minimal participant in the criminal activity. Whether the defendant is a minimal participant is a factual determination that is reviewed for clear error.
>
> The record reflects that Macedo participated in numerous sales of methamphetamine, she accepted at least four to five deliveries of methamphetamine, and a shed behind her home was used to conduct the drug conspiracy. Thus, the district court's finding that she was not a minimal participant is plausible in light of the record as a whole.

*Macedo-Flores*, 599 F. App'x at 216-17 (citing *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005)).

This claim, although repackaged as one under Section 2255, is nevertheless "foreclosed" by the Fifth Circuit's prior decision. *United States v. Fields*, 761 F.3d 443,

-2-

463 n.12 (5th Cir. 2014) ("Challenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." (citation omitted)); *see United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980))).

The downward-variance claim is therefore denied.

Ineffective-Assistance-of-Counsel Claims

The Court reviews ineffective-assistance-of-counsel ("IAC") claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice, Macedo "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Macedo levels a litany of claims at her trial counsel, Ricardo De Los Santos, and the attorney who represented her at sentencing, John S. Wilson, most of which are merely conclusory and fail to explain how the outcome of Macedo's trial and sentencing would have been different had counsel acted differently.

As the Fifth Circuit has held in the context of IAC claims asserted by a *pro se* litigant, "'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Birby v. Stephens*, 595 F. App'x 350, 354 (5th Cir. 2014) (per curiam) ("'This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.'" (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (in turn citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)))); *United States v. Henges*, 591 F. App'x 287, 287 (5th Cir. 2015) (per curiam) ("[C]onclusional assertions are 'insufficient to overcome the strong presumption of competency and the high burden of actual prejudice required to prove ineffective assistance of counsel.'" (quoting *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997))).

The Court further notes that many of Maceo's conclusional assertions of IAC are belied by the record. For example, she claims that counsel "[f]ailed to obtain an interpreter to ensure that [Macedo] understood the proceedings." Dkt. No. 1 at 7. But she fails to identify a particular proceeding at which she was not afforded an

interpreter, and the Court's record documents that she used an interpreter at all critical stages of the proceedings. *See United States v. Macedo-Flores*, No. 3:13-cr-281-O (04) (N.D. Tex.), Dkt. No. 18 (initial appearance); entry dated July 22, 2013 (detention hearing); Dkt. No. 60 and entry dated Aug. 27, 2013 (arraignment); Dkt. No. 124 (pretrial proceeding); Dkt. Nos. 130, 131, and 133 (trial); Dkt. No. 450 (sentencing).

In addition, the Fifth Circuit has addressed, in a related context, those claims that Macedo now makes in the IAC context that include factual support – those involving conversations recorded by the FBI:

> At trial, an FBI linguist testified that she listened to recorded conversations made while Macedo was incarcerated, between Macedo and family members. The recorded conversations were not played for the jury or introduced into evidence. Macedo contends that the recorded conversations were not properly authenticated and that they were not produced to the defense prior to trial, which violated the rules of discovery; she raised these arguments for the first time in her motion for a new trial.
>
> Because Macedo first raised the authentication and discovery violation arguments in her motion for a new trial, plain error review applies. Macedo thus must show a clear or obvious forfeited error affecting her substantial rights. If she makes this showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.
>
> Authentication is a condition precedent to the admission of evidence and is satisfied when a party presents "evidence sufficient to support a finding that the item is what the proponent claims it is." Here, it is undisputed that the recorded conversations were not admitted into evidence at trial. Because Macedo offers no authority that the recordings required authentication, she cannot establish plain error.
>
> Next, Macedo argues that the Government violated the rules of discovery by not providing copies of the recorded conversations prior to trial. We will not order a new trial based on alleged discovery violations unless the defendant shows that a denial of access to evidence was prejudicial to her


> substantial rights. This requires a showing of "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Such a probability is shown "where the nondisclosure could reasonably be taken to put the whole case in such a different light as to undermine confidence in the jury verdict."
>
> The trial evidence shows that on April 24, 2013, Macedo sold methamphetamine to an undercover officer in a shed behind her home and that at least twice, she accepted the delivery of methamphetamine for sale. Based on the foregoing, any nondisclosure of the recorded conversations could not reasonably be shown to undermine confidence in the jury's verdict on Macedo's convictions for one count of conspiracy to possess with intent to distribute a controlled substance and two counts of possession with intent to distribute a controlled substance.

*Macedo-Flores*, 599 F. App'x at 216 (citations omitted).

For similar reasons, Macedo has not shown that trial counsel was constitutionally ineffective – by, for example, carrying her burden under *Strickland*'s prejudice prong – as to her current claims based on the recorded conversations.

The Court therefore denies the IAC claims.

**Evidentiary Hearing**

An evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Macedo is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Macedo has failed

to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Macedo elects to file a notice of appeal, the Court notes that she will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis.*

## Conclusion

The Court denies the Section 2255 motion.

SO ORDERED.

DATED: September 5, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**